IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| v. | |
| MICHAEL JONES, | |
| Defendant. | |

Criminal No. 13-252-16

**MEMORANDUM OPINION**

**CONTI, Chief District Judge**

On May 1, 2014, defendant Michael Jones ("defendant or Jones") filed a motion for release on bail with conditions. (ECF No. 444.) After a *de novo* review of the proceedings before the magistrate judge, as well as a review of the submissions in this case, the pretrial services report prepared by the pretrial services officer, the arguments of counsel, and the hearing held on June 3, 2014, this court denied defendant's motion and ordered that defendant be detained without bond pending trial. This memorandum opinion sets forth the reasons for the court's decision, which were detailed on the record.

I. BACKGROUND

   A. Procedural History

On February 25, 2014, a grand jury returned a superseding indictment at criminal action number 13-252 charging defendant in Count I with conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine, Schedule II controlled substances, and 1 kilogram or more of heroin, a Schedule I controlled substances, in violation of 21 U.S.C. § 846. The superseding indictment

1

contained three other counts and named twenty other co-defendants. (ECF No. 228.). On March 6, 2014, defendant was arraigned and charged with the offence at Count I. (ECF No. 228.) The offense at Count I carries a statutory minimum term of imprisonment of ten years, or for a second felony drug conviction a statutory minimum term of imprisonment of twenty years, or for a third or subsequent felony drug conviction a mandatory term of imprisonment of life.

A detention hearing was held on March 6, 2014. At the hearing, the magistrate judge determined that defendant posed a risk of flight and was a danger to the community and entered an order of detention for defendant pending trial. (ECF No. 351.) After defendant moved to revoke the order of detention, this court held a *de novo* hearing on June 3, 2014. After reviewing the transcript of the March 6, 2014, detention hearing, and taking into consideration the pretrial services report, as well as the arguments and evidence presented by the parties at the hearing held on June 3, 2014, the court denied defendant's request for bond.

B. Background

Based on the transcript of the detention hearing before the magistrate judge on March 6, 2014, the pretrial services report, and the testimony of Pamela Lee Lilly, the defendant's mother, the following background was developed.

1. General

A federal grand jury indicted Jones for the offense at Count I. (ECF No. 454-2 at 1.) On the morning of February 26, 2014, Drug Enforcement Administration ("DEA") agents, Task Force Officers, and New Kensington police officers arrested Jones at 1012 Leishman Avenue, New Kensington, Pennsylvania ("defendant's residence"). (Id. at 1.) Upon a search incident to arrest, Jones was found to be in possession of $3,124.00 and a cell phone. (Id. at 2.) Following the arrest, Jones consented to a search of his residence. (Id. at 3, 15.) Present at the

time of the search were defendant's girlfriend and three of their five children. (Id.) During the search of defendant's residence five firearms were discovered, three of which had rounds in the chamber. (Id. at 3-4.) The firearms were found within defendant's residence in the following locations: a chambered pistol located in the dining room closet, a chambered assault-style semi-automatic rifle located in the upstairs master bedroom closet, a chambered pistol located in the top left drawer of a long dresser in the master bedroom, a pistol located in the right pocket of a jacket hanging on the door of the master bedroom, and a pistol located in the top drawer of a tall dresser in the master bedroom. (Id. at 3); (H.T. 3/6/14 (ECF No. 455) at 4-5.)

The following items were also found during the search of the defendant's residence:

- A bullet-proof vest located in a small closet in the master bedroom;

- Several boxes of miscellaneous ammunition located on the top shelf in the master bedroom closet;

- Two knotted plastic baggies containing about 7 grams of cocaine: one located on top of the long dresser in the master bedroom and the other located next to one of the chambered pistols in the top left drawer of the long dresser in the master bedroom;

- One knotted plastic baggie containing marijuana located next to one of the chambered pistols in the same top left drawer of a long dresser in the master bedroom as one of the bags of cocaine;

- A box of "Glad" sandwich bags on top of the long dresser in the master bedroom;

- A digital scale on top of the long dresser in the master bedroom; and

- Three additional cell phones, found throughout the residence.

(Id. at 3-5, 16); (H.T. 3/6/14 (ECF No. 455) at 4-6.) During the search of defendant's residence law enforcement agents found two letters from Rhionna Rhodes, a co-defendant charged in the

initial indictment, on top of the long dresser in the master bedroom. (ECF No. 454-2 at 4.) One of the letters read in part:

> I know you know what's going on. The whitey told them everything he knew. I wouldn't even be involved in this shit if I didn't try to go handle shit for y'all. I'm not on no wiretaps. They ain't find shit in my house. All they got is him saying I came to him for other people and they want to know who. I have been in jail two months and my whole life has been a mess behind me not telling. You can get at my mom, you can have Yolanda call her or whatever, but something gotta shake because I'm looking at 120 months for nothing. They have nothing on me except him.

(H.T. 3/6/14 (ECF No. 455) at 5-6.)

While at defendant's residence, agents observed a 1999 Acura Coupe parked in the rear of the property. (ECF No. 454-2 at 4-5.) As a result of the investigation, agents were aware that this vehicle was registered to co-defendant Justin Silvio and purchased by co-defendant Luis Carde. (Id.) The vehicle was seized and searched and two hidden or trap compartments were found in the vehicle. (Id. at 5.)

    2. Defendant's Personal Background

According to the pretrial services report prepared by the United States Probation and Pretrial Services Office, "defendant reported he is a lifelong resident of Western District of Pennsylvania [and] indicated that he has lived at his current residence since 2007." (Pretrial Service Report at 2.) Jones does not possess a valid United States passport and has never traveled outside the United States. (Id.) Jones lives with his fiancé, their five children, and his nephew. (Id); (H.T. 3/6/14 (ECF No. 455) at 7.) The children's ages range from five months to seventeen years of age. (Id.)

Jones attended and graduated from the Everest Institute, located in the City of Pittsburgh, with an associate's business degree. (Id. at 10); (Ex. A.) Since 2011, Jones has been

4

self-employed as a landlord. (Pretrial Service Report at 2.) Jones owns five properties, including his personal residence. (Id. at 3.) Jones receives a monthly income of $700 from his rental properties. (Id. at 1.) Previously, Jones worked for Anago Janitorial Services from 2006 to 2011. (Id. at 2.) Jones reported his liabilities as school loans totaling $23,000 and medical bills totaling $150,000. (Id. at 3.)

Jones indicated that he would like to be released to return to his residence. (Id. at 2.) Before this court, defendant's mother, Pamela Lee Lilly, testified that she is willing to serve as a third-party custodian for defendant and permit him to live with her if he is released on bond. Defendant's mother lives in her home in Garfield with her husband.

Jones' interaction with the criminal justice system began when he was fifteen years old. (Pretrial Service Report at 4.) As a minor, he was adjudicated delinquent for the following offenses: possession of a controlled substance, possession of marijuana, possession of drug paraphernalia, delivery and possession with intent to deliver a controlled substance, theft by unlawful taking or disposition, receiving stolen property, carrying a firearm without a license, delivery of a firearm to minor, and criminal conspiracy. (Id. at 4-5.)

As an adult, Jones pleaded guilty to state charges of disorderly conduct on five separate occasions. (Id. at 6-10.) On January 27, 2001, Jones pleaded guilty in the Allegheny Court of Common Pleas to a charge of public drunkenness at criminal action number 2320-2001. (Id. at 6.) On October 10, 2001, Jones pleaded guilty in the Allegheny Court of Common Pleas to a charge of driving under the influence of alcohol with a blood alcohol level in excess of .08%, careless driving, driving while privileges suspended or revoked, and purchasing alcohol as a minor at criminal action number 14348-2001. (Id. at 6-7.) On March 23, 2002, Jones pleaded guilty in the Allegheny Court of Common Pleas to delivery and possession with the intent to

5

deliver a controlled substance and possession of a controlled substance at criminal action number 10330-2002. (Id. at 7.) Jones was arrested on those charges while released on bond for the offense charged in the Allegheny County Court of Common Pleas at criminal action number 14348-2001. (Id.) On May 30, 2003, Jones was arrested on, and later pleaded guilty to, two counts of possession of a controlled substance in the Allegheny County Court of Common Pleas at criminal action number 14215-2003. (Id.) On November 11, 2003, Jones pleaded guilty to charges of possession of drug paraphernalia in the Allegheny County Court of Common Pleas at criminal action number 12799-2004. (Id. at 8.) On August 11, 2009, Jones was arrested and later pleaded guilty to a state charge of disorderly conduct in the Allegheny Court of Common Pleas at criminal action number 104-2009, and was under supervision for the offense at criminal action number 10330-2002 at the time of that arrest. (Id.)

II. Standard of Review

The court's standard of review of a magistrate judge's denial of pretrial detention is *de novo*. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985).

III. DISCUSSION

The structured system of the Bail Reform Act, 18 U.S.C. § 3141 et seq., regarding the release or detention of a defendant before trial seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered. The court is charged with holding a hearing to determine whether there exists "any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the

community." 18 U.S.C. § 3142(f). Section 3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. If the court determines no sufficient condition or combination of conditions exists, however, the court may order that a defendant be detained without bail pending trial.

A. Rebuttable Presumption

In this case, a rebuttable presumption applies that no conditions or combinations of conditions will reasonably assure the appearance of defendant as required or the safety of the community. Section 3142(e)(3) provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed –- (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)… .

18 U.S.C. § 3142(e)(3) (emphasis added).

There is probable cause to believe defendant committed offenses that fall within the category of offenses listed in Section 3142(e)(3)(A) because a grand jury returned an indictment charging defendant with conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine, Schedule II controlled substances, and 1 kilogram or more of heroin, a Schedule I controlled substances, in violation of 21 U.S.C. § 846. (ECF No. 228.) The minimum statutory term of imprisonment for the offense is ten years.

Thus, subject to rebuttal by defendant, it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e). Defendant at the hearings before the

7

magistrate judge and this court did not contest the application of the rebuttable presumption to this case.

A defendant may offer evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community if defendant is released pending trial. A defendant must produce only "some evidence" to rebut the presumption set forth in § 3142(e). See United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). The quantum of evidence required to rebut the presumption is not high; rather, the defendant need only come forward with credible evidence conflicting with the presumption. Id. at 383. When a defendant produces conflicting evidence, the presumption does not disappear. The rebutted presumption retains evidentiary weight. See United States v. Carbone, 793 F.2d 559, 560–61 (3d Cir. 1986) (*per curiam*); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Palmer–Contreras, 835 F.2d 15, 18 (1st Cir. 1987) (*per curiam*).

B. The § 3142(g) Factors

In producing evidence to rebut the presumption, a defendant looks to the four factors set forth in § 3142(g), which the court must consider in determining whether pretrial detention is warranted. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (to determine whether the presumption for risk of flight and danger to the community has been rebutted, the court should consider the factors set forth in § 3142(g)). Id. at 436. The four factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

8

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

C. Danger to the Community

    Safety of the community is implicated not only by violence, but also by narcotics trafficking. In cases involving drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs. United States v. Perry, 788 F.2d 100, 111 (3d Cir. 1986). The combination of drugs and guns constitutes a very serious danger to the community. United States v. Pitts, Crim. No. 09–204, 2010 WL 3303800, at *4–5 (W.D. Pa. Aug. 19, 2010) ("Several district courts have found that the combination of guns and drugs constitutes a danger to the community.") (citing United States v. Levy, Crim. No. 08–393, 2008 WL 4978298, at *2 (E.D. Pa. Nov. 20, 2008); United Sates v. Miller, Crim. No. 10–4058, 2010

9

WL 3035753, at *4 (N.D. Iowa Aug. 3, 2010); United States v. Francis, Crim. No. 01–60, 2001 WL 899635, at * 5 (S.D. Ind. June 8, 2001)).

1. Evidence Presented by Defendant to Rebut the Presumption of Danger to the Community

Jones did not present evidence with respect to the first factor listed in § 3142; instead, Jones argued that his family and community ties, his early termination from state supervision in 2010, and his constitutional right to be presumed innocent rebut the presumption in § 3142. Jones offered the following evidence to rebut the presumption:

- Defendant is a lifelong resident of the Pittsburgh, Pennsylvania area;

- Defendant's has not been convicted of a violent crime;

- Defendant obtained an associate business degree; and

- Defendant's mother is willing to serve as a third-party custodian for defendant.

Jones presented evidence that he planned to turn a dilapidated warehouse into a community center to provide after-school recreational services to local school-aged children. (Id. at 8-9.) Defendant's mother testified that a job opportunity with TNT Development & Cleaning, LLC, a business owned by defendant's cousin, was available to defendant and an offer letter from TNT Development & Cleaning, LLC, was submitted into evidence. (Ex. B.) Defendant's children submitted a letter, accompanied by an estimated two hundred signatures from members in the community, in support of defendant. (H.T. 3/6/14 (ECF No. 455) at 7-8.)

Even assuming the foregoing evidence rebutted the presumption in this case, the government persuaded the court with clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released. 18 U.S.C. 3142(f); Perry, 788 F.2d at 115 ("The clear and convincing

standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").

    2. <u>Clear and Convincing Evidence Presented by the Government</u>

With respect to the nature and circumstance of the offense charged, Jones was indicted for a very serious offense. Jones was indicted for conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 500 grams or more of methamphetamine, Schedule II controlled substances, and 1 kilogram or more of heroin, a Schedule I controlled substances. (ECF No. 228.) The offense at Count I carries a statutory minimum term of imprisonment of ten years. The indictment in this case supports the finding of probable cause, with respect to these offenses, and the serious nature of the offense weighs against a finding that defendant should be released pending trial.

In considering the weight of the evidence against defendant, the court found that the government did not present sufficient evidence for the count to find this factor weighed in favor of the government.

Along with the evidence of defendant's history and characteristics proffered by defendant, the evidence showed that defendant does not currently have gainful employment. Although Jones collects monies from his rental properties ($700 per month), he has not held steady employment for over two years. Jones presented evidence of an offer for employment; however, no information was presented concerning when the employment would begin, whether the employment is part-time or full-time or the hourly rate or salary for the work. Without sufficient evidence being presented to the court, the employment opportunity cannot be given substantial weight. Looking at the totality of defendant's financial situation with the information provided to the court, defendant is left with $100 to support a household of eight after he pays

off his monthly liabilities. Defendant lacks sufficient resources to care and support himself and his family and the court can only predict he would need to engage in drug trafficking to obtain funds.

Defendant's criminal history, which is part of the same factor, includes incidents of drug trafficking. Although the defendant did present some positive factors, his early termination from state supervision and his plan to open a community center, the likelihood of his continued involvement in drug trafficking is substantial. This weighs against finding that defendant should be released pending trial.

The nature and seriousness of the danger to the community if defendant is released weighs against a finding that defendant should be released pending trial. The combination of drugs and firearms is serious. Although the firearms are not a part of the underlying offense, the evidence shows that defendant, a convicted felon, had five firearms in his residence. Three of the firearms were chambered at the time of defendant's arrest. A number of the firearms were recovered in close proximity to drugs. One of the firearms was an assault style semi-automatic rifle found within the same room containing drugs, body armor, baggies, and a digital scale.

After considering the record as a whole, including consideration of the nature and circumstances of the serious drug offense charged, the minimal weight of evidence presented by the government, the history and characteristics of defendant, the nature and seriousness of danger to the community posed by defendant's release, and the rebuttable presumption, which retains evidentiary weight, there is no condition or set of conditions which would reasonably assure that defendant would not engage in drug trafficking while on release pending trial. The government met its burden to show by clear and convincing evidence that defendant poses a risk of danger to

the community, i.e., he is likely to engage in drug trafficking if released prior to trial. The court will, therefore, enter an order of detention for defendant pending trial.

   D. Risk of Flight

   The evidence presented by defendant, e.g., his strong family ties to the community, lack of passport and prior attendance at criminal proceedings rebuts any presumption in this case that he is a risk of flight, and the government did not prove by a preponderance of the evidence – even considering the evidentiary weight of the presumption – that defendant is a risk of flight. "The purpose of a Section 3142(g) risk of flight determination…is to secure the appearance of the accused at trial. United States v. Himler, 797 F.2d 256, 161-62 (3d Cir. 1986) (citing United States v. Maull, 773 F.2d 1479 (8th Cir. 1989) (risk of flight shown by prior attempt to leave the country in order to flee prosecution); United States v. Vortis, 785 F.2d 327 (D.C. Cir. 1986) (risk of flight shown by possession of fraudulent passports and a planned trip to Liberia)).

   With respect to the nature of the offense, there is probable cause to believe Jones committed a serious offence involving drugs; however, the weight of the evidence presented at the hearings against Jones was not strong. With respect to defendant's history and characteristics there is evidence that defendant is a lifelong resident of the Western Pennsylvania region. Defendant's family resides in Pittsburgh, Pennsylvania. Defendant attended the relevant court proceedings for the offenses for which he was convicted, and does not possess a United States passport. Although the government only needs to prove defendant is a risk of flight by a preponderance of the evidence, Himler, 797 F.2d at 161, the court concludes, after considering the record as a whole and the § 3142(g) factors, that the government did not establish that risk.

V. CONCLUSION

Although the government did not meet its burden to show by a preponderance of the evidence that defendant is a risk of flight, it met its burden to show by clear and convincing evidence that defendant poses a risk of danger to the community, i.e., he is likely to engage in drug trafficking if released prior to trial. Defendant's motion for release on bail with conditions (ECF No. 444.) will, therefore, be DENIED. An appropriate order will be entered.

Dated: August 15, 2014

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge